UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL DAVIS,<br><br>    Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:20-CV-632-RLM-MGG |

OPINION AND ORDER

Michael Davis filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 20-05-0287) in which a disciplinary hearing officer found him guilty of Possession of Dangerous Contraband in violation of Indiana Department of Correction offense A-106 on February 10, 2020. Mr. Davis was sanctioned with the loss of 365 days earned credit time and demoted from Credit Class 2 to Credit Class 3. Mr. Davis raises one ground for seeking habeas corpus relief: since his cellmate was charged and convicted of the same offense, he can't be guilty because "both of us cannot possess the same weapon."

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the

comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Davis's Conduct Report states that a homemade weapon was found in the cell that Mr. Davis and his cellmate shared:

> On 2/10/2020 I, Lieutenant Nicholas Harris, went to cell J-113/114 at approximately 11:45 pm to search for some missing metal weather stripping. During the cell search I located a piece of property box that had been altered into a weapon. It was filed down to 4 points on one side and had cloth wrapped around the other side. It was located in a union supply catalog laying on the floor under the seat for the desk. Neither Offender Davis, Michael . . . nor offender Tuny, Thomas claimed the homemade weapon.

(ECF 1-1 at 7.)

Mr. Davis argues that since his cellmate was found guilty of possessing a weapon in their cell, he—Mr. Davis—must be not guilty. One person possessing contraband doesn't necessarily exclude another's possession of the same thing. Mr. Davis could still have been found guilty if the disciplinary hearing officer believed he and his cellmate jointly owned or shared the weapon. See Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates). In short, the record contains some evidence of Mr. Davis's guilt.

Mr. Davis doesn't not need a certificate of appealability to appeal this order because he is challenging a prison disciplinary proceeding. See Evans v. Circuit

Court, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith. If he files a notice of appeal, he can ask the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Circuit Court along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by this court.

For these reasons, the court:

(1) DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Michael Davis leave to appeal in forma pauperis.

SO ORDERED on September 24, 2020

> s/ Robert L. Miller, Jr.
> JUDGE
> UNITED STATES DISTRICT COURT